## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHYAN GOLDSMITH<br>1064 Kingston Lane<br>Breinigsville, PA 18031 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff,<br>v. | : DOCKET NO.:<br>:<br>: |
| LEHIGH VALLEY HOSPITAL, INC.<br>d/b/a LEHIGH VALLEY HOSPITAL<br>1200 South Cedar Crest Blvd.<br>Allentown, PA 18103<br>    and<br>LEHIGH VALLEY HEALTH<br>NETWORK, INC. d/b/a LEHIGH VALLEY<br>HEALTH NETWORK<br>1200 South Cedar Crest Blvd.<br>Allentown, PA 18103 | :<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

Rhyan Goldsmith (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Lehigh Valley Hospital, Inc. and Lehigh Valley Health Network, Inc. (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

unlawfully involuntarily separated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Lehigh Valley Hospital, Inc. (individually referred to as "Defendant Hospital") is a hospital at the above-referenced address providing in-patient and out-patient emergency and non-emergency medical services.

9. Defendant Lehigh Valley Health Network, Inc. (individually referred to as "Defendant Network") is an integrated health system comprised of eight hospital campuses, along with health centers, physician practices, rehabilitation locations, and other outpatient care locations in seven eastern Pennsylvania counties.

10. Defendant Network owns and operates Defendant Hospital, as well as all other programs and hospitals in its purview. Defendant Network sets directives, controls activities within each hospital (such as Defendant Hospital), sets goals, oversees financial aspects of the business, and develops uniform rules, regulations and policies within Defendant Hospital and its other operations. Defendants are a single enterprise, joint employer, or single employer of Plaintiff for the purposes of the instant action, as Defendants share resources, have overlapping management, and operate as a unified operation.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants in or about June of 2013 and worked for Defendants for in excess of approximately seven (7) years as a Registered Nurse ("RN"), most recently in Defendants' Perioperative Services Unit.

14. At the time of her separation, Plaintiff was primarily managed by Tammy Gallagher (Patient Care Manager), who was in turn supervised by James Miller (Vice President of Operations and Perioperative Services).

15. Throughout her tenure with Defendants, Plaintiff was a dedicated and hard-working employee.

16. Plaintiff was an exemplary employee who had wonderful relationships with patients, doctors and colleagues, was highly technical, received substantial praise in each year of employment for her dedication and overall performance, including through yearly performance evaluations, and had never been given any form of progressive discipline.

17. Unfortunately, toward the end of Plaintiff's employment with Defendants, Plaintiff was diagnosed with cancer, which at times limits her ability to perform some daily life activities, including but not limited to normal cell growth, working and performing manual tasks.

18. Following her diagnosis, Plaintiff disclosed her health conditions to Defendants' management, including but not limited to Gallagher, and had numerous discussions with management regarding the same, mostly within the first few days of September 2020 and continuing throughout her termination from employment.

19. Despite her cancer diagnosis, Plaintiff was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable accommodations.

20. Following her diagnosis, Plaintiff discussed her medical appointments, diagnosis, and anticipated treatment with Gallagher, requesting numerous scheduling accommodations, including leave under the Family and Medical Leave Act ("FMLA").

21. In addition to taking intermittent time off from work for medical appointments, Plaintiff was scheduled to commence a two-week medical leave for her conditions starting on or about September 16, 2020, pending further evaluation and potential needs/progression.

22. Two (2) days before the start of her medical leave and within a few weeks of discussing her cancer diagnosis and accommodation needs, however, Plaintiff was informed by Gallagher on or about September 14, 2020 that she was being terminated for taking too long of a lunch break on a date in August, 2020.

23. After being notified of her termination, Plaintiff was informed that if she submitted a letter of "resignation," she could have her separation considered a resignation within her personnel file but would still be ineligible for rehire. However, this was merely a characterization in form only, as Plaintiff was given <u>no option or choice</u> to remain employed. Thus, regardless of depiction (as Plaintiff did agree to label her separation as a resignation), Plaintiff was involuntarily separated from Defendants.

24. The basis provided for Plaintiff's termination, however, is entirely pretextual, as:[2]

(i) Plaintiff was terminated in close temporal proximity to the disclosing of her health conditions and requesting accommodations, just days before her scheduled block medical leave was to commence;

(ii) Plaintiff was never once was given a warning, counseling, admonishment or progressive discipline;

(iii) The reason for Plaintiff's termination is completely petty;

---

[2] This list is not intended to be an exhaustive list, but instead provides examples illustrating the pretextual nature of Plaintiff's termination.

(iv) Had Plaintiff ever been instructed not to take more than any set amount of time for a lunch break, Plaintiff would have abided by that instruction meticulously; and

(v) Other employees under Gallagher engaged in serious policy violations (more egregious than as alleged against her), and they were not terminated.

25. Moreover, Plaintiff was terminated in a manner disparately from numerous coworkers who did not suffer from disabilities or request accommodations, but had engaged in the very same conduct as Plaintiff without being terminated or subjected to disciplinary action.

26. Within Plaintiff's unit as an RN, it was the typical practice, routine and schedule to see approximately five (5) patients in the morning until 11:00 AM (with this time being the last appointment) and then seeing another approximate five (5) patients in the afternoon resuming at 1:00 PM. The last patient seen at 11:00 AM could end prior to 11:30 AM or after, and RNs were not required to resume seeing patients until 1:00 PM. Therefore, it was not uncommon for there to be an approximate 1.5-hour timeframe in which there were no patients scheduled or to be seen between 11 AM and 1 PM.

27. Plaintiff and other RNs were typically too busy to take a separate half hour break, so they often combined their lunch break (30 minutes) and other allotted (additional) break time of 30 minutes for an approximate one-hour lunch. It was a known practice that RNs could use their discretion and take that approximate hour break for lunch, as there was no work to be performed. It was further common practice for RNs to take under an hour or slightly over an hour for their lunch break.

28. Despite engaging in what was a customary practice within Defendants by taking her lunch break in the aforesaid manner, Plaintiff was singled out by Defendants, including Gallagher, by looking for a date in August to find a feigned rationale to terminate her.

29. When Plaintiff expressed concern of being singled out by being terminated for such actions, she was informed by Gallagher that she had audited the charts of all employees. This is false, however, as if Gallagher had done so as claimed, *she would have had to terminate nearly the entire unit for engaging in the same practice as Plaintiff*.

30. Therefore, Plaintiff believes and avers that she was truly terminated for her disabilities and requests for accommodations/FMLA leave.

## Count I
## Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
**(Actual/Perceived/Record of Disability Discrimination & Retaliation)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities.

33. Plaintiff requested reasonable accommodations from Defendants, including but not limited to FMLA leave.

34. Shortly after apprising Defendants management of her cancer diagnosis and need for medical leave (including under the FMLA), Plaintiff was terminated from her employment in September 2020 for completely pretextual reasons. To the extent that Plaintiff's separation could be viewed as a resignation as opposed to a termination, Plaintiff was constructively discharged as her separation was involuntary and she was provided with no option to continue her employment with Defendants, therefore providing her with no choice but to resign.

35. Plaintiff believes and therefore avers that Defendants discriminated against her and retaliated against her by terminating her/forcing her to resign because of: (1) her known

7

and/or perceived health problems; (2) her record of impairment; and/or (3) her requested medical accommodations.

36. These actions as aforesaid constitute violations of the ADAAA.

## Count II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff requested leave from Defendants, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

39. Upon information and belief, Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

40. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

41. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

42. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting FMLA leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue to terminate her; and (3) terminating Plaintiff to prevent and/or discourage her others from taking FMLA-qualifying leave in the future.

43. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

                                **KARPF, KARPF & CERUTTI, P.C.**

                    By:         _____
                                Ari R. Karpf, Esq.
                                Timothy S. Seiler, Esq.
                                3331 Street Road
                                Two Greenwood Square
                                Building 2, Ste. 128
                                Bensalem, PA 19020
                                (215) 639-0801

Dated: February 15, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Rhyan Goldsmith : CIVIL ACTION
v. :
Lehigh Valley Hospital, Inc. d/b/a Lehigh Valley Hospital, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 2/16/2021 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1064 Kingston Lane, Breinigsville, PA 18031__

Address of Defendant: __1200 South Cedar Crest Blvd., Allentown, PA 18103__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case  [ ] is / [X] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/16/2021__ _____/s/_____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X]   Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]   Relief other than monetary damages is sought.

DATE: __2/16/2021__ _____/s/_____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GOLDSMITH, RHYAN

**DEFENDANTS**
LEHIGH VALLEY HOSPITAL, INC. D/B/A LEHIGH VALLEY HOSPITAL, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/16/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____